STATE of Maine

v.

Charles F. PERRY.

STATE of Maine

v.

Daniel T. WILLIAMS.

Supreme Judicial Court of Maine.

June 5, 1969.

Alexander MacNichol, Asst. County Atty., Portland, for plaintiff.

Henry N. Berry, III, Portland, for defendants.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

TAPLEY, Justice.

On appeals from the denial of motions for new trials. The appellants (defendants) were tried together by agreement. The defendants were found guilty of robbery by the verdict of a jury at the January Term, 1967 of the Superior Court, within and for the County of Cumberland. On February 10, 1967 defendants filed motions for new trials. Hearing was had on these motions on March 18, 1968. Motions were denied. Appeals from the denial of the motions bring the matters before this Court for consideration.

The points of appeal in each case are:

"The refusal of the Cumberland County Superior Court to grant Appellant's Motion for New Trial, dated February 10, 1967, constituted error, because the record shows that Appellant's conviction was based on the testimony of a twice convicted felon and a former mental patient whose testimony was so tainted with inconsistencies as to constitute perjury and thus deprive Appellant of his 14th Amendment rights to due process and equal protection."

The indictments were drafted under provisions of 17 M.R.S.A., Sec. 3401. The one found against defendant Perry alleged that he robbed one Frank Yattaw, while the other indictment charged that defendant Williams also committed the crime of robbery against Frank Yattaw. During the trial of the two cases the testimony of the alleged victim Yattaw and a friend, one Roland J. Marcoux, became material evidence in the trial of the causes. The motions for new trials are based upon the claims that the testimony of witnesses Yattaw and Marcoux was so tainted with inconsistencies as to constitute perjury and, therefore, the defendants are entitled to a new trial. At the hearing before the Justice below on the motion for a new trial defendants sought to develop, by the use of oral testimony and the transcript of three cases, that Yattaw and Marcoux made statements in the trial of these causes which were inconsistent with the testimony they gave in the case against defendants. These three cases were jury tried and the State sought to convict three individuals, namely, Judith K. Lingner, Roger A. Elsey and Don W. Lampton, who were in some manner involved in the action resulting in the charge of robbery against Williams and Perry, wherein Yattaw and Marcoux testified as witnesses for the State, making alleged statements which were claimed to be inconsistent with the testimony given in the prosecution of these defendants. Two of the cases in which Yattaw and Marcoux testified for the State were tried before the case now under consideration. These cases were State v. Elsey, tried January 25, 1967; and State v. Lingner, tried January 26, 1967. State v. Lampton was tried on March 16, 1967 so that knowledge of the testimony of Yattaw and Marcoux was available to defendants before their trial insofar as Lingner and the Elsey cases were concerned.

Defendants presented for the consideration of the Court, on the motions for new trials, the testimony of Sergeant John J. Joyce of the Portland Police Department which concerned information given to him by Yattaw and Marcoux and, in addition thereto, the testimony of two lawyers who

testified as to statement made in the probable cause hearing before the District Court.

"The only question raised by appeal from the denial of a motion for a new trial in a criminal case is whether, in view of all the testimony, the jury was justified in believing beyond a reasonable doubt that the respondent was guilty." State v. Ladd, 159 Me. 431, 432, 193 A.2d 914.

See also State v. Arsenault, 152 Me. 121, 124 A.2d 741.

Counsel for defendants point out claimed inconsistencies in the matter of time of the commission of the offense, of the time when they congregated at the cafe, and the number of persons who attacked Yattaw.

■ This case presents a situation where there may have been inconsistencies in the testimony of Yattaw and Marcoux. It is not unusual in the trial of a cause that cross-examination develops inconsistencies in the story of a witness as between his testimony and pre-trial statements made in written form or as a result of interrogations conducted during the course of an investigation. One of the principal functions of cross-examination is to bring to light inconsistencies if such are found to be present. The jury is then in a position to make judgment as to the weight of the testimony and credibility of the witnesses. State v. Brown, 142 Me. 106, 48 A.2d 242. In the instant case counsel for the defendants argues that because of the alleged inconsistencies the witnesses were, in fact, committing perjury. Perjury, of course, is a crime and one is not guilty of such a crime until such a charge is proven. Incidentally, this Court has stated the fact that one who confesses himself as a perjurer after the trial of the case in which he is involved as a witness is not a sufficient reason to grant a new trial. State v. Dodge, 124 Me. 243, 127 A. 899.

"Where the determination of an issue of fact depends upon the credibility of witnesses and a jury would be justified in coming to a conclusion either way, according to the credence to be given to the testimony on the one side and on the other, the issue is deemed to have been one for the jury's determination, even though the court is convinced as to where the truth lies, and a new trial will not be ordered. If the verdict is a conclusion to which twelve honest men, acting fairly and intelligently, might come, then it is final and cannot be disturbed; if the trial judge should set it aside, he would himself be in error, as passing the bounds of his own proper function and invading the province of the jury. * * *." 39 Am.Jur.—New Trial—Sec. 137.

■ The State's cases were presented with Yattaw and Marcoux being the principal witnesses for the prosecution. According to the record of the trial their testimony stands uncontradicted and unrefuted. The jury chose to believe them, which warranted its findings of guilty as to each defendant. Any inconsistencies in their testimony were developed through cross-examination and in no other way. The jury at the trial was not presented with the records of the trials in the cases of State v. Elsey or State v. Lingner or the testimony of the attorneys or Sergeant Joyce for the purpose of impeaching Yattaw and Marcoux. This evidence was first used before the presiding Justice on the motions for new trials. The presiding Justice was not presented motions for new trials on the grounds of newly discovered evidence but only on motions for new trials based upon the grounds that the verdict was obtained by perjured testimony.

The presiding Justice who heard the motions gave the following reason, of which we approve, for denying the motions for new trials:

"Not every difference, change and discrepancy in a witnesses story as given on one occasion and then subsequently repeated on one or more trials constitutes perjury, nor is there any evidence

of perjury before this Court so that it could be said that these verdicts were procured by perjured testimony. The credibility of witnesses is for the jury's evaluation and not for this Court. Whatever may have been the cause that produced any changes in the testimony of the state's witnesses, it was not that intended deliberate falsehood under oath which would constitute perjury and it was within the province of the jury to believe or disbelieve these witnesses in the face of prior inconsistent statements or testimony which they might have given. Obviously the jury chose to believe the testimony of the witnesses Yattaw and Marcoux as consistent with other established facts in the light of the jury's verdict."

The presiding Justice was not in error in denying appellants' motions for new trials.

Appeals in each case denied. Judgment for the State in each case.