STATE OF MAINE *vs.* W. C. DAVIS.

Cumberland. Opinion June 29, 1917.

*Motion in arrest of judgment. Rule where bill of exceptions does not clearly set out the issue. Rule as to motion in arrest of judgment "because verdict is against the law and evidence."*

Indictment charging defendant with violation of R. S., (1903), Chap. 119, Sec. 16.

A bill of exceptions must present each issue of law in the clear, distinct and summary manner required by statute and where an issue is not so presented by the bill of exceptions it cannot be considered, even though the transcript of the evidence be made part of the bill and shows the irregularity or error complained of.

A motion in arrest of judgment addresses itself to the record alone and the evidence is no part of the record.

A motion for arrest of judgment cannot serve as a motion for new trial on the ground that the verdict is against law and evidence.

When the evidence in support of a criminal prosecution is so defective or so weak that a verdict of guilty based upon it cannot be sustained, the jury should be instructed to return a verdict of not guilty.

Indictment under R. S., 1903, Chap. 119, Sec. 16, (R. S., 1916, Chap. 120, Sec. 16). At close of testimony, respondent filed motion asking that a verdict of not guilty be directed by the court. This motion was overruled and respondent filed exceptions. After verdict of guilty respondent filed motion in arrest of judgment. Presiding Justice overruled the motion and respondent seasonably excepted. Judgment in accordance with opinion.

Case stated in opinion.

*Jacob H. Berman,* County Attorney, for the State.

*Henry C. Sullivan,* for respondent.

SITTING: CORNISH, KING, BIRD, HALEY, HANSON, PHILBROOK, MADIGAN, JJ.

BIRD, J. The indictment in this case charges the defendant with violation of R. S., (1903) Chap. 119, Sec. 16, (R. S., 1916, Chap. 120, Sec. 16), punishable by imprisonment for any term of years. At the

close of the evidence at the trial a motion was made for the direction of a verdict for defendant which was refused.    After verdict of guilty, the defendant moved in arrest of judgment, because 1, "the indictment does not allege or set forth any substantive crime—;"    2.    "because the indictment does not set forth or allege any facts sufficient to constitute the substantive crime, etc., 3.    "because the verdict is against the law and the evidence."    This motion was also overruled.

The bill of exceptions, upon which alone the case is before this court, sets out the two motions, their refusal and the reserving of exceptions thereto.    It concludes:—"The report of the evidence given at said trial, which is filed herewith, is hereby expressly referred to and made part of this bill of exceptions.

"To all which rulings and instructions and refusals to instruct the said respondent excepts and prays that his exceptions may be allowed."

The defendant urges that during the trial the jury were allowed to separate (but to this order of the court no objection appears to have been made nor exception noted) and that his exceptions should be allowed upon this ground.    This alleged irregularity in the course of the trial, assuming it can be reached by exceptions, cannot be considered.    The bill of exceptions is entirely silent as to any such ground.    Such a bill of exceptions is insufficient, even when the transcript of the evidence is made part of the bill and the transcript shows the irregularity.    *McKown* v. *Powers*, 86 Maine, 291; *Richardson* v. *Wood*, 113 Maine, 328, 330; *Borders* v. *B. & M. R. R.*, 115 Maine, 207.

The defendant at the close of the evidence asked a directed verdict, as already seen.    The request was refused and defendant reserved exceptions.    After verdict, he moved in arrest of judgment for alleged defects in the indictment and because the verdict was against the law and the evidence.    The exceptions to the denial of the motion in arrest by reason of defects in the indictment is not argued.    If the last, or third reason alleged, can be ground for a motion in arrest, it precludes the consideration of the exceptions to the refusal to direct a verdict, as it is in effect a motion for new trial.    The motion waives the exceptions.    *State* v. *Simpson*, 113 Maine, 27.    But a motion for arrest of judgment cannot be maintained upon the ground that the verdict is against law and evidence.    Like a demurrer, a motion in arrest addresses itself to the record alone and evidence is no part of

the record.    We conclude, therefore, that the motion in arrest in this case is not for these reasons, to be treated as a motion for new trial and thus bring the case within the rule of *State* v. *Simpson,* supra.

Upon a careful reading of the evidence, the unpleasant details of which it is undesirable and unnecessary to rehearse, it is the opinion of the court that the exceptions to the refusal to order a verdict, as moved by defendant, be sustained.    The evidence is not such as warranted a verdict of guilty.    When the evidence in support of a criminal prosecution is so defective or so weak that a verdict of guilty based upon it cannot be sustained, the jury should be instructed to return a verdict of not guilty.    A refusal to so instruct is a valid ground of exception.    *State* v. *Cady,* 82 Maine, 426, 428; *State* v. *Simpson,* 113 Maine, 27, 28; *Mickle* v. *U. S.,* 157, Fed., 229;. See also Whar. Cr. Pl. & Pr. (8th Ed.), Sec. 812.

*The exceptions are sustained.*