STATE *vs.* JOHN J. FLAHERTY.

Cumberland.      Opinion May 6, 1929.

142

*Ralph M. Ingalls,* County Attorney,
*Walter M. Tapley,* Assistant County Attorney, for State.
*Joseph E. F. Connolly,* for respondent.

SITTING: WILSON, C. J., DEASY, STURGIS, BARNES, BASSETT, JJ. PHILBROOK, A. R. J.

PHILBROOK, A. R. J.    The respondent, charged with committing the crime of rape, tried by jury and found guilty, brings his case before the Law Court by a bill of exceptions.

There are eight exceptions in the bill but in argument these are reduced to four, viz.:

A. Denial of respondent's motion for a directed verdict at the close of the opening to the jury by the attorney for the State;

B. Denial of respondent's motion for a directed verdict at the close of all the evidence;

C. Exceptions by the respondent to the charge of the presiding Justice;

D. Exceptions by the respondent to the exclusion and admission of evidence concerning the alleged intoxication of the complaining witness at and before the time of the occurrence laid in the indictment.

The first three exceptions involve essentially the same legal questions.

The indictment alleges that the respondent, on a certain day and at a certain place, upon a certain female person, more than fourteen years of age, feloniously did make an assault, and did then and there feloniously, unlawfully and wilfully, by force and against her will, rape, ravish, and carnally know and abuse the said person, against the peace of the State and contrary to the form of the statute in such case made and provided.

Our statute, R. S., Chap. 120, Sec. 16, provides that "Whoever ravishes, and carnally knows, any female of fourteen or more years of age, by force and against her will," shall suffer a punishment of such severity as to make the act a felony. Strictly speaking, this statute does not define rape but provides a punishment for the crime. At common law the earlier jurists and textbook writers defined rape as the having of unlawful carnal knowledge of a woman, forcibly and against her will. 4 Blackstone, 210; 1 Russell on Crimes, 3d Eng. ed., 675; 1 East P. C., 434; 1 Hawk. P. C., Curw. ed., 122; 1 Hale P. C., 628. Later authorities define it as the act of a man in having unlawful carnal knowledge of a woman, forcibly, and without her consent. This definition receives favorable comment in a note following *Smith* v. *State*, 80 Am. Dec. at page 361, since the crime may be committed when, strictly speak-

ing, the woman exhibits no will at all in the matter, as where she is drugged, or *non compos mentis*.

In *Com.* v. *Burke*, 105 Mass., 376, Mr. Justice Gray said that it is manifest upon the face of the Statutes of Westminster, and is recognized in the oldest commentaries and cases, that the words "without her consent" and "against her will" were used synonymously. That the words "against her will" mean exactly the same thing as "without her consent," and that the distinction between those phrases, as applied to the crime of rape, is unfounded, has been held in *Gore* v. *State*, 119 Ga., 418, 46 S. E., 671, 100 A. S. R., 182; *Com.* v. *Burke*, supra; *Whittaker* v. *State*, 50 Wis., 518, 7 N. W., 431, 36 Am. Rep., 856.

In any event there are three elements which must be present to constitute rape, viz.: carnal knowledge, force, and the commission of the act without the consent or against the will of the ravished woman. *People* v. *Griffin*, 117 Cal., 583, 49 Pac., 711, 59 A. S. R., 216; *Rice* v. *State*, 35 Fla., 236, 17 So., 286, 48 A. S. R., 245.

In the case at bar the state offered no testimony to prove that the respondent had actual carnal intercourse with the complaining witness, and frankly admitted in the opening address to the jury, made part of the record, that such was not the fact, but did offer testimony to prove that the respondent, being a person possessed of great strength in his arms, forcibly, and against the will of the woman, held her while two other men had carnal intercourse with her without her consent and against her will.

After the attorney for the State, in his opening address, had rehearsed the facts upon which he relied, and again after all the testimony relied upon by the State had been given, counsel for the respondent presented motions for a directed verdict of not guilty, upon the ground that the respondent had not been shown to have had any carnal intercourse with the complaining witness, and therefore was not guilty as charged in the indictment. Both motions were denied and exceptions taken and allowed.

In his charge to the jury, the presiding Justice remarked, "I should have said perhaps in my discussion of the elements of rape that usually you think of the act of rape as being confined to one man and one woman, but, if a person takes any part in the ravishing of the woman, all the elements of the rape being present which

I have given you, if he is present and takes a hand in it, assists, employs some force in the bringing about of this matter, this ravishing, he is equally guilty with the person whose body is used for the consummation of the sexual intercourse. It is not necessary that a person must use his own body for the consummation of the sexual intercourse in order to make him guilty of the offense. And if in this case the elements exist which I have given you, that is, there was sexual intercourse with this young woman against her will by force, and the respondent was using some force there and assisting in bringing that about, then he would be guilty of the offense." To this instruction the respondent seasonably took exceptions and the same were allowed.

The denial of the two motions above referred to, and that portion of the charge just quoted, relate to the same legal issues herein raised by the first three exceptions.

It is now a well settled rule of law that rape is a felony and that all persons who are present, aiding, abetting, and assisting a man to commit the offense, whether men or women, are principals and may be indicted as such. 1 Russ. on Crimes, 557 ; 1 Hale P. C., 628 ; 1 Hawk. P. C., Chap. 16, Sec. 10 ; *State* v. *Jones*, 83 N. C., 605, 35 Am. Rep., 586 ; *Strang* v. *People*, 24 Mich., 1. It is immaterial that the aider and abettor is disqualified from being the principal actor by reason of age, sex, condition or class. *State* v. *Sprague*, 4 R. I., 257 ; *Lord Audley's Case*, 3 Howard St., Tr. 401 ; *Rex* v. *Gray*, 7 Car. & P., 164 ; *Reg.* v. *Chrisham*, 1 Car. & M., 187.

It is generally held that a woman may be convicted as a principal in the crime of rape, although incapable herself of committing the deed, if she aids, abets and assists the actual perpetrator in the commission of the crime. Note to *Campbell* v. *State*, Ann. Cas., 1913 D. at p. 863, citing numerous authorities. Since this is true, it follows that in a joint act of two or more persons, committing rape, one may furnish one of the elements and the other another, whereby each is guilty as a principal. In the case at bar, the respondent used the necessary force, while another performed the act of sexual intercourse, all being against the will and without the consent of the woman.

The rulings and charge of the presiding Justice, involved in the

first three exceptions, are in harmony with well established law governing the case at bar.

The fourth exception relates to the exclusion of a certain affidavit, given in another proceeding, and signed by the complaining witness, together with other testimony, by which the defense endeavored to show that she was a person of unchaste character, and especially to show that she had been intoxicated during the two days previous to the act herein made the subject of complaint.

Upon the question of chastity, the presiding Justice correctly instructed the jury as follows: "We care not in this case what the relative merits of John Flaherty and Ardelle Kirby are. We care not whether Ardelle Kirby was a chaste woman or not, so far as the commission of the offense goes. . . . You heard the words of the statute — 'the ravishing of any female.' Whether she be chaste, whether she has been to some extent unchaste, or whether she has gone further, the offense is the ravishing of the female, according to the definition which I have given you." Unchastity of the female is no defense to the charge of rape. The crime may be committed upon an unchaste woman or a prostitute as well as upon any other woman. 1 Hawk. P. C., Curw. ed., 122, Sec. 7; *Rex* v. *Barker*, 3 Car. & P., 589; *Pleasant* v. *State*, 13 Ark., 360; *Higgins* v. *People*, 1 Hun., 307; *Pleasant* v. *State*, 15 Ark., 624; *Wright* v. *State*, 4 Humph., 194. It is true that evidence to show a reputation for unchastity may be admissible to impeach the testimony of the prosecuting witness as to the want of consent, *Wilson* v. *State*, 17 Tex App., 525, yet the overwhelming weight of authority is that specific acts of unchastity, as in the case at bar, are not admissible to prove character. 22 C. J., 481, Sec. 579.

The affidavit was also offered in an effort to prove that from the time described in the affidavit, up to and including the time of the alleged assault, viz.: for two days, the complaining witness was under the influence of liquor to a very marked degree. The respondent claims that it was admissible to show a continued debauch.

The respondent admits that the affidavit made no mention of liquor, yet he asks the court to presume that it showed a setting where liquor is usually found. We are not inclined to indulge in such a presumption. While intoxication may be of such a degree as to involve a numbing of the faculties, so as to affect the capacity to

observe, to recollect, or to communicate, *Com.* v. *Fitzgerald*, 2 Allen (Mass.), 297, and as such tending to prove the witness to be unworthy of credit in stating facts which occurred when he was in such condition, yet no such condition of the complaining witness was shown in the case at bar and presumption can not stand in the place of proof.

The respondent also claims that he should have been allowed to show the affidavit to the complaining witness for the purpose of refreshing her recollection. The affidavit having been excluded, the court properly refused to allow the witness to indirectly introduce the substance of the affidavit. Moreover, in excluding this testimony the court, with proper caution, said "so far as the question is for the purpose of showing intoxication, if the evidence warrants it, later it may be admissible. If it is a question of tying up the question of intoxication with the night in question, it might be that there was a continued debauch, a continued intoxication, and evidence of a condition a day or a week before might be pertinent to show what her condition was that night. So far as that part of the question goes I will rule on it *de bene*, excluding it." The defense was accorded the right to recall the witness but did not do so.

After a careful examination of the extensive and learned briefs of counsel, and the record of the case, somewhat peculiar as to form, we are of the opinion that the respondent had a fair and impartial trial and that no legal errors were committed.

*Exceptions overruled.*