STATE OF MAINE
*vs.*
ROBERT WHEELER

Sagadahoc.   Opinion, December 9, 1954.

*George M. Carleton,* for plaintiff.

*Edward W. Bridgham,*
*Harold J. Rubin,* for defendant.

SITTING: WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAP-
LEY, JJ., THAXTER, A.R.J.   FELLOWS, C.J., did not sit.

TAPLEY, J.  On exceptions.  The respondent was in-
dicted for the crime of rape.  The case was tried at the Oc-

tober Term, 1953 of the Superior Court for the County of Sagadahoc and State of Maine before a jury. Jury found respondent guilty. Respondent excepted to rulings as to the admissibility of evidence and to the refusal of the presiding justice to direct a verdict of not guilty at the conclusion of the testimony.

The indictment charged the respondent with rape of a female of the age of sixteen years. The act was alleged to have occurred on September 28, 1953 at Bowdoinham, Maine. The prosecutrix resided in the Town of South Freeport, Maine and on the twenty-seventh day of September, 1953 she went to the Town of Richmond where she was accustomed to spending considerable time. There is much testimony in the record relating to her activities with three boys with whom she was acquainted. It appears that during the evening of September 27th she went to ride with these boys for a distance of one or two miles from Richmond and that during this ride she was submitted to physical violence by being slapped on the face and having her arm twisted in an attempt to remove a portion of her clothing; that she was forcibly ejected from the car and later made her way back to Richmond; that following her return to Richmond she was again approached by the same boys, caused to re-enter the car and then taken to a point outside of Richmond where the car was stopped and an attempt made by one of them to rape her. During this attempt, a car passing the parked car of the boys was stopped by one of them. This car was operated by the respondent. The prosecutrix was transferred from the boys' car to that of the respondent. He drove some distance, stopped his automobile on a side road and there committed the act complained of, for which he was indicted, tried and found guilty.

The State must prove beyond a reasonable doubt that the respondent carnally knew the prosecutrix by force, without her consent or against her will. *State* v. *Flaherty*, 128 Me.

141 at page 144. The element of force and the act against her will are inconsistent with consent. It is obvious, of course, if the prosecutrix willingly consented to the act, there would be no rape.

During the course of the trial the State presented a witness in the person of one Donald Shields, a boy sixteen years of age, who testified in direct examination that he was a passenger in the back seat of the respondent's car and was present at the time of the alleged rape. The substance of his testimony was that no act of intercourse occurred between the respondent and the prosecutrix. After completion of his direct testimony there was no cross-examination by the defense. Later he was called to the stand by the State and at that time testified that his testimony in direct was false and that he so testified because he was requested and urged to do so by the respondent.

The State's case was predicated on the testimony of the prosecutrix with very little, if any, corroboration. There is no statute in Maine requiring corroboration on the part of the prosecutrix in cases of this nature and it is well settled that a verdict based on the uncorroborated testimony of a complainant will not be disturbed on the mere fact of lack of corroboration. *State* v. *Newcomb*, 146 Me. 173 at page 181. Corroboration, if there is corroboration, must come from sources other than the prosecutrix. Although corroboration is not necessary, it is well for the purpose of this case to analyze the record to determine what corroboration, if any, there is present. The cases hold that where corroboration to any reasonable degree is lacking, it becomes necessary to scrutinize and analyze the testimony of the prosecutrix with great care. Her testimony as to the acts complained of must be such they would be within the realms of probability and credibility.

*75 C. J. S., Page 560, Sec. 78.*

> "At common law, and in the absence of a statute requiring corroboration, it is generally held that the unsupported testimony of the prosecutrix, if not contradictory *or incredible, or inherently improbable,* if believed by the jury, is sufficient to sustain a conviction of rape - - - - - -."

(Underscoring ours.)

The prosecutrix testified that soon after the alleged act occurred she complained to her mother. The mother did not appear as a witness in corroboration of the complainant. There was medical testimony resulting from the examination of the girl but this did not disclose in any way that she had been raped by the defendant.

There is evidence that the complainant suffered some injury to her jaw and she complained of a soreness in the vicinity of her ribs. This condition, according to her own testimony, resulted from the violent physical treatment that she received from the three boys. This fact is further established by the testimony of the boys. The prosecutrix furnishes the only testimony of the actual act of rape.

The testimony of the prosecutrix is of such sordid nature that a detailed account will serve no good purpose. It is suffice to say that the prosecutrix' narration of the rape is inherently improbable and incredible and does not meet the test of common sense.

*Terry* v. *State (Texas),* 266 S. W., page 511.

> "The question at issue in the present case is whether there was carnal knowledge of the prosecutrix by the appellant without her consent. Upon such an issue experience demonstrates that the evidence of the prosecutrix demands careful scrutiny - - - - -. The absence of visible evidence of injury to the prosecutrix by her alleged assailant or the spoiling or disarray of her garments are of probative value - - - - -."

See 44 Am. Jur., Page 968, Sec. 104.   60 A. L. R. 1131.

The testimony of Shields, where he deliberately lied at the request, as he says, of the respondent, must have inflamed the minds of the jury and prejudiced it against the respondent. It may be that the respondent is guilty of the crime of subornation of perjury but he was being tried for the crime of rape and not subornation of perjury. The State had the burden of proving each essential allegation of the indictment beyond a reasonable doubt. One of the necessary averments to be proven is that of lack of consent, and the only witness to prove it is the prosecutrix. Her testimony of the account of the rape is of such a nature that it is highly improbable and incredible that intercourse could have taken place without her consent. The lack of damage to clothing, absence of injuries and physical position of prosecutrix on the seat of the automobile all argue against "without consent."

*State* v. *Davis*, 116 Me. 260 at page 262.

> "When the evidence in support of a criminal prosecution is so defective or so weak that a verdict of guilty based upon it cannot be sustained, the jury should be instructed to return a verdict of not guilty. A refusal to so instruct is a valid ground of exception."

*State* v. *Martin*, 134 Me. 448.

*State* v. *Clukey*, 147 Me. 127.

The refusal to instruct a verdict of not guilty in this case is a valid ground of exception.

This conclusion obviates the necessity of considering the other exceptions.

> *Exception to refusal to direct a verdict of not guilty sustained.*