STATE OF MAINE

*vs.*

EDMOND BERNATCHEZ

Kennebec.    Opinion, August 21, 1963.

*Jon Lund, County Atty.,*
*Foahd Saliem, Asst. County Atty.,* for Plaintiff.

*Richard J. Dubord,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

MARDEN, J. On appeal. The respondent was found guilty of rape and appeals from the denial of a motion for a new trial.

Respondent saved two exceptions during the trial, which exceptions are expressly waived.

The issue before us is whether in view of the record, the jury was justified in believing beyond a reasonable doubt

that the respondent was guilty, *State* v. *Dipietrantonio,* 152 Me. 41, 54, 122 A. (2nd) 414, — of carnal knowledge of the prosecutrix, by force and against her will. Carnal knowledge is synonymous with sexual intercourse, 44 Am. Jur., Rape, § 2, and, by definition, sexual intercourse, as an element of rape, requires penetration of the female sex organ by the male sex organ. 44 Am. Jur., *supra,* § 3.

A detailed statement of the facts will serve no purpose. The complainant and her husband and the respondent and his wife were social friends, and all residents of Oakland. Complainant's husband was absent in the military service. The incident with which we are concerned occurred in the early morning of September 19th. On September 18th, following work, the respondent went to Waterville with male friends and had "some beers." His wife was working 6:00 p.m. to 12:00 midnight on that date. About midnight respondent started toward home, but continued on past his street of residence and at about 1:00 a.m. arrived at the home of complainant's grandmother, with whom prosecutrix lived, and upon his false representation that his, respondent's, wife was ill and needed the complainant, complainant dressed and joined the respondent in his car. Respondent operated the car with complainant as passenger in a direction other than that in which he lived, giving reasons therefor which complainant accepted, and shortly parked at a spot on the outskirts of the residential area of the town, where the alleged assault occurred. The physical aggression on the part of the respondent and resistance by the complainant occupied a substantial period of time. The verbal remonstrances of the complainant were consistent with the situation in which she found herself and the respondent's replies were not inconsistent with a person affected by the use of alcohol, and intent upon sexual intercourse. Following the incident respondent drove complainant back to her residence. She promptly reported her

experience to her grandmother, who observed marks on her face, physical and emotional distress, and a tear in her slacks (exhibit), officers were notified and on the same day complainant was examined by a physician.

The defense contention is conventional, respondent urging that such attention as he gave the girl was with her passive consent, but he strenuously denies the penetration, — which is essential to a rape. The respondent denies the presence of marks on complainant's face but the marks upon the complainant's body as witnessed by her grandmother, the Chief of Police, and the examining doctor, are uncontroverted.

At trial the prosecutrix gave positive testimony as to penetration by the accused by force and against her will.

Respondent places much reliance upon complainant's admittedly expressed report to her grandmother that he "had tried to rape" her and to her certain statements to the investigating officer from which doubt as to penetration might be inferred. Respondent urges that these equivocating statements are sufficiently contradictory to bring the case within the rule of *State* v. *Wheeler,* 150 Me. 332, 335, 110 A. (2nd) 578 and *State* v. *Field,* 157 Me. 71, 76, 170 A. (2nd) 167, and, in substance, raise a reasonable doubt of his guilt as a matter of law.

It was the jury's responsibility to decide to what extent, if any, her positive testimony and any pre-trial statements conflicted and to accept or reject any explanation offered by her for the phrasing of her complaints. The evidence justified the jury's conclusion of guilt and the jury finding is not to be disturbed under the *Field* and *Wheeler* holdings.

*Appeal denied.*