**STATE of Maine**

v.

**Willie CRAFT.**

Supreme Judicial Court of Maine.

Jan. 7, 1977.

Henry N. Berry, III, Dist Atty., Thomas Goodwin, Asst. Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, for plaintiff.

Dwight A. Fifield, Portland, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

PER CURIAM.

Willie Craft was indicted for a violation of 17 M.R.S.A. § 3401 (robbery), waived trial by jury, but was convicted of larceny from the person (17 M.R.S.A. § 2102) after trial before a single Justice of the Superior Court. By making appropriate motions for judgment of acquittal the appellant has preserved for appellate review the issues argued on appeal, namely:

"1. The Court below erred in denying Defendant's motion for acquittal made at the conclusion of the evidence.

2. The verdict is not supported by substantial evidence."

We deny the appeal.

It is not disputed that the victim's billfold containing over $500.00 was taken from his pocket. The fact finder could have believed that a young woman surreptitiously removed this wallet, tossed it to the defendant who immediately secreted it and, on being arrested shortly thereafter, was found to have "in the vicinity of $507" on his person. Additionally, both persons involved in this activity were positively identified by the victim.

The defendant has argued that, since there were at least two discrepancies between the trial testimony of the victim, a Norwegian merchant seaman, and that given when his deposition was taken, it was error to accept the former as true.

We have read both the trial transcript and the deposition. We find the dis-

crepancies to be minor and not of that character and significance which would destroy the believability of the testimony heard by the single Justice. In any event, the weight and credibility of the victim's testimony is for the fact finder, not the appellate court. *State v. McDonough*, 350 A.2d 556, 561–62 (Me.1976); *State v. Donovan*, 344 A.2d 401, 405 (Me.1975). Our duty is to determine from the entirety of the record if the verdict is adequately supported by believable facts. It is. *State v. Burnham*, 350 A.2d 577, 582 (Me.1976).

The entry is:

Appeal denied.

All Justices concurring.