**STATE of Maine**

v.

**Alan McFARLAND.**

Supreme Judicial Court of Maine.

Feb. 8, 1977.

---

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, John Kugler, Law Student, for plaintiff.

Nisbet, MacNichol & Ludwig by Alexander MacNichol, South Portland, for defendant.

Before DUFRESNE, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

■ The defendant was indicted, tried before a Cumberland County jury, and found guilty of assault and battery (17 M. R.S.A. § 201), crime against nature (17 M.R.S.A. § 1001), and rape (17 M.R.S.A. § 3151). We consider only the merits of the appeal from the rape conviction, which we deny.[1]

I

ADMISSIBILITY OF EVIDENCE

The defendant admitted having sexual intercourse with the prosecutrix. He further admitted his participation in the crime against nature. However, the defendant denied that these sexual relations were accomplished by force or against the will of the prosecutrix. Rather, it was the defendant's contention that both of these acts were consensual.

On cross-examination the prosecutrix had denied any previous acts of fellatio. The defendant thereupon attempted to introduce the testimony of a male witness who would have contradicted that testimony but this evidence was excluded.

The defendant maintains that this ruling was improper since the excluded testimony was relevant as bearing on the issue of consent.

We disagree.

■ Consent is no defense to any of the acts denominated criminal by 17 M.R. S.A. § 1001. *See, e. g., State v. White*, 285 A.2d 832 (Me.1972); *State v. Langelier*, 136 Me. 320, 8 A.2d 897 (1939). Since the defendant admitted the act of fellatio, the evidence of the prior conduct of the prosecutrix was irrelevant.

■ Nevertheless, the defendant asserts that this testimony was probative and material on the issue of consent, a valid defense to the charge of rape. We do not agree. Specific acts of prior unchastity are not admissible in a prosecution for rape. *See, e. g., State v. Dipietrantonio*, 152 Me. 41, 46, 122 A.2d 414, 418 (1956); *State v. Flaherty*, 128 Me. 141, 146, 146 A. 7, 9 (1929). *See also* Rule 608(b), Maine Rules of Evidence (effective February 2, (1976); Field and Murray, Maine Evidence, § 608.2 at 143 (1976).

II

THE SUFFICIENCY OF THE
EVIDENCE

■ The defendant next argues that the evidence presented by the State was insufficient to sustain a verdict of guilty. The defendant premises his argument on the fact that there were several inconsistencies in the testimony of the prosecutrix.[2] In support of his argument that his conviction for rape cannot stand, the defendant relies upon *State v. Field*, 157 Me. 71, 170 A.2d 167 (1961). In *Field* we stated:

"Corroboration beyond the testimony of the prosecutrix is not required under our law to prove the crime of rape. In the absence of corroboration, the testimony of the prosecutrix must be scrutinized and analyzed with great care. *If the testimony is contradictory, or unreasonable, or incredible, it does not form sufficient support for a verdict of guilty.*" (Emphasis supplied.)

157 Me. at 76, 170 A.2d at 169.

The defendant suggests that the emphasized language in *Field* created a different, and more stringent, standard *of appellate*

---

1. At oral argument the defendant withdrew his contentions that there was insufficient evidence to support his convictions of assault and battery and committing unnatural acts. Therefore, his appeals as to those convictions are considered waived. *See State v. Devoe*, 301 A.2d 541, 543 (Me.1973).

2. The inconsistencies related to whether marijuana was being smoked at the place where the alleged crime occurred, and to what the prosecutrix was wearing shortly before the alleged rape took place.

*review* in rape and other sex related cases. Such a reading of *Field* is inappropriate.

The quoted language in *Field* was said to derive its support from *State v. Wheeler*, 150 Me. 332, 110 A.2d 578 (1954); and *State v. Newcomb*, 146 Me. 173, 78 A.2d 787 (1951).

■ *Wheeler* is authority for the proposition that if evidence is "inherently improbable and incredible and does not meet the test of common sense," it cannot support a verdict of guilty. The testimony was of such a sordid nature that the *Wheeler* Court did not see fit to disclose the facts underlying the above quoted language. We have no quarrel with the general conclusion that testimony falling within that limitation lacks probative force.

In *Newcomb* it was apparent that certain facts were conflicting and might be said to be inconsistent. However, the Court reached this ultimate conclusion:

> "It was for the jury to decide what the facts were, resolving all questions of credibility in reaching its decision. *State v. Lambert, State v. Howard, State v. Dodge,* all *supra.* The jurors heard the testimony. The child and the respondent told stories squarely in conflict with each other. The jury elected to believe that told by the child and reject that told by the respondent. It found, as a fact, that the offense, as charged in the indictment, had been committed. On the record it cannot be said that its decision was not supported by evidence entirely credible."

146 Me. at 176–77, 78 A.2d at 790.

■ Reverting to *Field* and the emphasized language quoted therefrom, we construe such language as intending to enunciate a rule that unless testimony is either inherently improbable and incredible and does not meet the test of common sense, it is the function of a jury to determine the credibility of evidence even though it may be arguably contradictory or unreasonable.

In short, the jury, and not the appellate court, must ultimately determine the believability of evidence.

Cases subsequent to *Field* have made it abundantly clear that the credibility of a rape victim and any discrepancies or inconsistencies in her testimony are to be resolved by the jury by the use of such techniques as it might adopt to resolve inconsistencies in other types of criminal cases. *See State v. Ladd,* 159 Me. 431, 435, 193 A.2d 914, 916 (1963); *State v. Bennett,* 158 Me. 109, 111, 179 A.2d 812, 814 (1962). As we stated in *State v. Bernatchez,* 159 Me. 384, 386, 193 A.2d 436, 438 (1963):

> "It was the jury's responsibility to decide to what extent, if any, her [the prosecutrix'] testimony and any pre-trial statements conflicted and to accept or reject any explanation offered by her . . . .. The evidence justified the jury's conclusion of guilt and the jury finding is not to be disturbed under the *Field* and *Wheeler* holdings."

*Accord, State v. Brewer,* 325 A.2d 26, 28 (Me.1974); *State v. Worrey,* 322 A.2d 73, 77 (Me.1974).

The clear import of these cases is that the jury, and not this Court, is to scrutinize and analyze with great care the uncorroborated testimony of a rape victim, since one of the jury's basic functions is to assess the credibility of a witness and the weight to be accorded such testimony. *See, e. g., State v. Kelley,* 357 A.2d 890, 894 (Me.1976); *State v. Call,* 322 A.2d 64, 68 (Me.1974). *See also State v. Craft,* 367 A.2d 612 (Me. opinion dated 1/5/77; *State v. Clark,* 365 A.2d 1031, 1035 (Me.1976); *State v. Franco,* 365 A.2d 807, 813 (Me. 1976).

■ Where a defendant challenges the sufficiency of the evidence which convicted him, even though it may rest upon the testimony of a single witness, our function is to determine whether there was credible evidence from which the jury would be justified in believing beyond a reasonable

doubt that the defendant was guilty. *See State v. Tullo*, 366 A.2d 843 (Me.1976); *State v. Cedre*, 314 A.2d 790, 793 (Me. 1974). *State v. Field, supra*, did not adopt a standard of appellate review applicable uniquely to sex related offenses.

 The Justice below instructed the jury:

"It is not necessary that the testimony of the complainant . . . be corroborated . . .. If you should find her testimony is not corroborated, you should scrutinize and analyze her testimony with great care."

This is a correct statement of the law. There was evidence from which the jury could conclude that the defendant was guilty beyond a reasonable doubt.

The entry is:

Appeals denied.

POMEROY, J., did not sit.

All Justices concurring.