**STATE of Maine**

v.

**Charles E. JONES.**

Supreme Judicial Court of Maine.

March 8, 1977.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, Stephen Devine, Law Student, for plaintiff.

Mark E. Dunlap, Portland, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

PER CURIAM.

Having waived trial by jury, defendant was found guilty by the Court of rape (17 M.R.S.A. § 3151). In his appeal from the judgment of conviction defendant makes the single claim that he was convicted on inadequate evidence because the testimony as to the essential element of force, given by the complaining witness allegedly uncorroborated,[1] was, as characterized by defendant, "contradictory, unreasonable or incredible."

We deny the appeal.

■ The 15-year old victim testified that she observed defendant fire a handgun late one night on a Portland street. Her vantage point was the porch of the apartment house in which she lived; she was waiting for the arrival of her roommate because she had no key. Subsequently, defendant accosted her, placed the gun to her temple and forced her to descend to the apartment house cellar where the crime occurred. Defendant twice threatened to kill the girl if she resisted.

The presiding Justice specifically found the victim "a perfectly believable witness." Her testimony was corroborated by observations of Portland police officers, who, entering the cellar on another investigation, found the couple and saw the gun within defendant's reach.

■ Given such overwhelming evidence of force through intimidation, we find totally rational the verdict announced by the presiding Justice. It is far from "contradictory, unreasonable or incredible" that a 15-year old girl would submit to an older male armed with a gun he had just successfully fired. It was, therefore, the exclusive province of the fact-finder to resolve the credibility of the complaining witness. *State v. McFarland,* Me., 369 A. 2d 227 (1977).

The entry is:

*Appeal denied.*

All Justices concurring.

---

1. *Defendant* concedes that a rape conviction may rest on the victim's testimony alone. *State v. Worrey,* Me., 322 A.2d 73, 78 n. 3 (1974) ; *State v. Dipietrantonio,* 152 Me. 41, 122 A.2d 414 (1956). In any event, in this case, as we state below, there was corroboration.