**STATE of Maine**

v.

**Robert L. GOVE.**

Supreme Judicial Court of Maine.

Nov. 3, 1977.

Joseph M. Jabar, Dist. Atty., J. William Batten, Asst. Dist. Atty., Augusta, for plaintiff.

C. J. & N. C. Bourget by Joseph M. O'Donnell, Augusta, for defendant.

Before DUFRESNE, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

On December 29, 1972, a twenty-two year old female was indecently assaulted and robbed in her Augusta apartment by three assailants who were indicted therefor, two of whom were accorded jury trials, convicted, and their convictions sustained on appeal. *See State v. Gagne*, 349 A.2d 193 (Me.1975). The third alleged robber and assailant was the defendant who waived jury trial but, after hearing before a single Justice of the Superior Court, was found guilty of the offenses and has appealed.

The appeals are denied.

## I

■ Since the trial below was jury-waived,[1] appellant urges that a different standard of appellate review should be adopted than that traditionally used in reviewing the verdict of a jury.

The appellant accepts as given that appellate review of jury verdicts is limited to a determination of

> "whether there was credible evidence from which the jury would be justified in believing beyond a reasonable doubt that the defendant was guilty."

*State v. McFarland*, 369 A.2d 227, 229–30 (Me.1977). In applying this standard the judgment of a jury is invoked when there are disputed facts, and the appellate court does not substitute its judgment for that of the jury in resolving the credibility of the various witnesses and the weight to be given their testimony. *State v. Bonney*, 351 A.2d 107, 110 (Me.1976).

Appellant urges that we adopt a more stringent rule in dealing with facts when found by a single justice. It is true that the Court has used a variety of words in describing the scope of review when the record contains conflicting evidence. Decisions have held that evidence must be "positive and credible"[2] in order to support a verdict[2] and, conversely, if testimony is "contradictory, or unreasonable, or incredible," it is not sufficient to support a verdict of guilty.[3]

Despite the argument advanced, we find no authority in Maine suggesting a different standard of review in jury-waived cases. On the contrary, in the recent case of *State v. Jones*, 370 A.2d 248 (Me.1977), a jury-waived case, we utilized the same standard of review as that announced in *State v. McFarland, supra.*

Since our own Rules of Criminal Procedure are modeled upon the federal rules, it is appropriate in construing our Rule 23(a) to look to the federal decisions construing Rule 23, F.R.Crim.P. These courts have adopted the same review standards as those utilized in reviewing jury verdicts. *See Gordon v. United States*, 438 F.2d 858, 868 n. 30 (5th Cir. 1971); *United States v. Hull*, 437 F.2d 1, 3 (5th Cir. 1971); *De Luna v. United States*, 228 F.2d 114, 116 (5th Cir. 1956); *Lowrey v. United States*, 161 F.2d 30, 34 (8th Cir. 1947). *See also* 8A J. Moore, Moore's Federal Practice, § 23.05 (2d ed. 1976).

Professor Glassman reaches the same result:

> "In a case tried without a jury, the trial judge functions as the trier of fact and it is his duty to weigh the evidence, determine the credibility of witnesses and find the facts. It has been held that if there is competent and substantial evidence to support the trial court's findings, they must be sustained."

---

1. "(a) Trial by Jury; Waiver. The defendant with the approval of the court may waive a jury trial. The waiver must be in writing." Rule 23(a), M.R.Crim.P.

2. *State v. Trask*, 223 A.2d 823 (Me.1966).

3. *State v. Field*, 157 Me. 71, 76, 170 A.2d 167, 169 (1961).

Glassman, Maine Practice, Rules of Criminal Procedure, Commentary § 23.5.

Neither do we accept the argument that "when the Court acts as fact-finder . . . its findings [should be] less binding." Courts have universally respected factual decisions made by those who see the witnesses, hear their testimony and observe their demeanor while testifying. If testimony is not inherently "contradictory or unreasonable or incredible," we adhere to our past rationale that a cold record is an unacceptable substitute for live testimony.[4]

## II

■ Appellant neglected to perfect this appeal seasonably and on April 16, 1976, was committed to the Maine State Prison in execution of the sentences imposed. Through the medium of a habeas corpus proceeding his right to appellate review was restored and, on September 1, 1976, while still in the Maine State Prison, he moved for a revision of his sentence pursuant to Rule 35(a), M.R.Crim.P.,[5] alleging:

"Since the sentencing of the Defendant on May 25, 1973, the Defendant has changed his life style and shown himself to be a totally different type of person. Evidence in depth will be presented through witnesses at the time of the hearing."

The single Justice dismissed this motion since it did not address itself to any factual error or misconception of the appellant's situation *at the time of sentencing.* He made it clear that he lacked power to consider matters appropriate for either a parole board or executive clemency.

We believe the motion was properly dismissed, but for reasons other than those stated by the Justice below.

Rule 35(a) limits the power of the sentencing justice to *revise* a sentence by mandating that the revision be accomplished "prior to the commencement of execution thereof."

As we have pointed out, appellant was in the Maine State Prison when he filed the Rule 35(a) motion and had then served four months and fifteen days of the sentences imposed. This was not "dead" time, despite the fact that his right to perfect the appeal was subsequently granted. The simple fact is that his incarceration in the Maine State Prison was in lawful execution of the sentences imposed. He is absolutely entitled to credit against his ultimate sentence for the time thus served. *See* 15 M.R.S.A. § 1701–A. Since the motion was not filed seasonably, the sentencing Justice lacked jurisdiction to revise the sentence. *See State v. Blanchard,* 156 Me. 30, 159 A.2d 304 (1960).

The entry is:

Appeals denied.

POMEROY, J., did not sit.

DUFRESNE, Active Retired Justice, sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

All Justices concurring.

---

**4.** Appellant argues that the findings of the Justice below do not necessarily correspond with testimony summarized in *State v. Gagne, supra* at 196. Having reviewed the trial transcript here and the summarized facts in *Gagne,* we agree with the single Justice that any differences are insignificant and depict nothing more than the "human frailty" which all witnesses may be subject to when describing, for the second time under oath, such degrading experiences.

**5.** "(a) Correction and Revision of Sentence. The justice who imposed sentence may revise a sentence *prior to the commencement of execution thereof* and may correct an illegal sentence or a sentence imposed in an illegal manner within sixty days after the sentence is imposed, or within sixty days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal." (Emphasis supplied.)