**STATE of Maine**

**v.**

**Linda LEWIS.**

Supreme Judicial Court of Maine.

Argued Sept. 16, 1983.

Decided Oct. 25, 1983.

Gene Libby, Dist. Atty., Michael E. Saucier, Asst. Dist. Atty. (orally), Alfred, for plaintiff.

Beagle & Ridge, Martin J. Ridge (orally), Portland, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

## MEMORANDUM OF DECISION.

After a jury-waived trial held on November 15, 1982, in the Superior Court, York County, Linda Lewis, the defendant, was convicted of aggravated assault on June 30, 1981, upon Calvin Lewis, her estranged husband, in violation of 17–A M.R.S.A. § 208(1)(B), which imposes criminal liability upon any person who "intentionally, knowingly, or recklessly causes . . . [b]odily injury to another with use of a dangerous weapon." On appeal, the defendant contends that the evidence presented to the trier of fact, when considered in its totality, was insufficient to prove beyond a reasonable doubt all the elements of the offense (17–A M.R.S.A. § 32), as well as to disprove beyond a reasonable doubt her defense of justification (see 17–A M.R.S.A. § 101(1), § 108). We deny the appeal.

In reviewing the sufficiency of the evidence for conviction of crime, this Court must decide, after examining all the evidence of record in the light most favorable to the State, whether any rational trier of fact could have found proof of the defendant's guilt of the crime charged beyond a reasonable doubt, even where, as in the instant case, defense counsel at trial has not moved for acquittal or for a new trial pursuant to the Maine Rules of Criminal Procedure, Rules 29(a), (b) and 33. *State v. Van Sickle,* 434 A.2d 31, 34–35 (Me.1981); *State v. Perfetto,* 424 A.2d 1095, 1097 (Me.1981).

*See also State v. Smith,* 456 A.2d 1 (Me. 1983).

A discussion of the evidence in detail would not be of any particular benefit; we need only say that the presiding justice was fully justified in finding beyond a reasonable doubt that the defendant acted intentionally, knowingly, or recklessly, when she fired the bullets which struck her husband in the foot and stomach.

So far as the issue of justification on the ground of self-defense is concerned and assuming that the evidence was sufficient to generate the same, we must say that the trial justice was amply justified from the totality of the evidence viewed in the light most favorable to the State in finding beyond a reasonable doubt that there was no justification for the defendant's use of deadly force, as she concededly did, within the scope of section 108 of title 17–A, M.R. S.A. We have in mind that the issue of justification had to depend largely upon the testimony of the defendant herself, whose credibility was within the exclusive province of the trier of fact. *State v. Jones,* 370 A.2d 248 (Me.1977); *State v. Mann,* 361 A.2d 897, 906 (Me.1976).

From the evidence, the presiding justice could rationally conclude that the defendant Lewis was guilty of the crime of aggravated assault as charged.

The entry is:

Appeal denied.

Judgment of conviction affirmed.

All concurring.