Sarah Churchill Esq - def-
Stephanie Anderson Esq - State

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2008 APR 29 P 4: 28

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO: CR-08-811

STATE OF MAINE

v.

JAMES BERKE,

        Defendant.

ORDER ON
HARNISH HEARING

This matter is before the Court on Defendant James Berke's (Defendant) motion asking that he be admitted to bail. Defendant has been charged with gross sexual assault under 17-A M.R.S.A § 253, where the "sexual act" being charged did not include penetration. At issue is whether Defendant can be lawfully held without bail pursuant to Me. Const. art. I, § 10.[1]

## DISCUSSION

### I.    Harnish Hearing

Under 15 M.R.S.A § 1027, "a defendant in custody preconviction for a formerly capital offense" may be held without bail if the State can show there is "probable cause to believe that the defendant has committed a formerly capital offense." 15 M.R.S. § 1027 (2007). Formerly capital offenses include rape. *Harnish v. State*, 531 A.2d 1264, n. 1. (Me. 1987). Under the formative laws of the State of Maine, a rape was deemed committed if "any man shall ravish, and carnally know any woman, by force, and against her will, or shall unlawfully

---

[1] Article I Section 10 of the Maine Constitution reads in pertinent part:

No person before conviction shall be bailable for any of the crimes which now are, or have been denominated capital offenses since the adoption of the Constitution, when the proof is evident or the presumption great, whatever the punishment of the crimes may be.

1

and carnally know and abuse any woman child under the age of ten years, . . . "

P.L., 1821, Chap. 3, Sec. 1. In this case, the State can show probable cause that the

defendant committed gross sexual assault under 17-A M.R.S.A § 253, however; in

order for the State to prevail in its argument that the Defendant be held without

bail, the Court must determine if the crime of rape, as it was defined in 1821

under Maine law, encompasses the crime of gross sexual assault, as it is defined

today. In other words, was the element of carnal knowledge under the Maine

laws of 1821, synonymous with intercourse?

Maine's rape statutes remained largely unchanged from the enactment of

the Maine Constitution through 1975. *See e.g.* P.L. 1821, Chap. 3, 2-4; R.S., Chap.

154 Sec. 17 (1855); R.S., Chap. 120, Sec. 16 (1919); R.S. 1944, Chap. 121, Sec. 6; R.S.,

Chap. 117, Sec. 10 (1950); R.S., Chap. 130 § 10 (1963); 17 M.R.S.A. § 3151 (1964).

Case law by 1929 clearly made "sexual intercourse" an element of rape. *See State*

*v. Flaherty*, 146 A. 7, 8 (Me. 1929); *see also State v. Bernatchez*, 193 A.2d 436, 437

(Me. 1963).[2] Earlier case law and treatises were far less clear, however,

approaching the subject with great delicacy and declining to provide a functional

definition for the crime of rape.[3]

---

[2] The *Bernatchez* Court held that "[c]arnal knowledge is synonymous with sexual intercourse. . . , and by definition, sexual intercourse, as an element of rape, requires penetration of the female sex organ by the male sex organ." *Bernatchez*, 193 A.2d at 437 (*citing* 44 Am. Jur, Rape, §§ 2-3).

[3] Justice Blackstone states:

> As to the material facts requisite to be given in evidence and proved upon an indictment of rape, they are of such a nature, that though necessary to be known and settled, for the conviction of the guilty and preservation of the innocent and therefore are to be found in such criminal treaties as discourse of these matters in detail, yet they are highly improper to be publicly discussed, except only in a court of justice.

Sir William Blackstone, *Commentaries on the Laws of England*, chapt. 15 at 213 (Book the Fourth, 1807).

2

In spite of the lack of clarity, this Court cannot say, as a matter of law, that the crime of rape, as it was defined in 1821 encompassed the current crime of gross sexual assault under 17-A M.R.S.A, § 253. This is based on the consistency in the language of the rape statutes through 1975, and the requirement of sexual intercourse as an element of the crime of rape from at least 1929. Although it would not be unjust to equate gross sexual assault, which the current criminal code deems a Class A Crime and thus worthy of the most stringent punishment, with the most stringent punishment under the laws of 1821, case law compels otherwise. Accordingly, the Defendant cannot lawfully be held without setting bail.

**The entry is:**

The Defendant's Motion to have bail set is GRANTED.

DATE: _April 29, 2008_

Roland A. Cole
Justice, Superior Court

3