**STATE of Maine**

v.

**Ronald C. OUELLETTE.**

Supreme Judicial Court of Maine.

June 7, 1976.

Thomas E. Delahanty, II, Dist. Atty.,
Coleman G. Coyne, Jr., Asst. Dist. Atty.,

Auburn, Kevin J. Tierney, Legal Intern, for plaintiff.

Gaston M. Dumais, Lewiston, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

PER CURIAM.*

The defendant was convicted of a violation of 17 M.R.S.A. § 3401, robbery, after a jury trial in the Superior Court of Androscoggin County on January 22, 1975. He appeals from the judgment entered against him on that conviction. We deny the appeal.

On the evening of January 7, 1974, the victim, Mr. Ralph Coulon, was seated at his kitchen table counting a sum of money when the doorbell rang. Leaving his money on the kitchen table, Mr. Coulon opened the door and saw four men, including the defendant, standing outside. Mr. Coulon was able to observe the defendant's facial features, height and hair length. Mr. Coulon testified that he had observed the defendant at his door on a prior occasion, but had not answered the defendant's knock. When he asked his visitors what they wanted, they were silent until the defendant said "Let's get 'em." Upon this signal, the defendant and his three accomplices forced their way into the Coulon residence, knocked down Mr. Coulon and began to kick and punch him, breaking his leg in two places. Mr. Coulon was unable to observe the subsequent activity of the intruders until he saw them run out the door four or five minutes later.

The police arrived shortly thereafter in response to Mr. Coulon's call and did not find any money during their subsequent search of the house and kitchen. Mr. Coulon was then removed to the hospital where he remained for eight days. During the ensuing police investigation he was shown a number of photographs but was unable to identify any of them. Neither the State nor the defendant was able to determine at trial, however, whether the defendant's picture was among them.

The defense consisted of the testimony of two witnesses, Diane Deschene and Diane Dick. Mrs. Dick, the defendant's sister, and Miss Deschene, a one-time friend of the defendant, both testified that shortly before the trial they had overheard Mr. Coulon ask another witness to identify the defendant for him and that the witness had pointed to the defendant. Mr. Coulon testified that no such conversation had occurred and that his in-court identification of the defendant was based upon his observation of the defendant on the night of the robbery and on the defendant's prior visit to his home.

At the close of all the evidence, the defendant moved for a judgment of acquittal, claiming that the victim's identification of him violated due process because it was irreparably tainted by the victim's pre-trial solicitation of information about the defendant's identity and that the State failed to prove that the defendant had taken any money from the victim. Having properly preserved these issues, he now urges them upon appeal. Because we believe these contentions are meritless, we will address them summarily.

Defendant attempts to subsume the present action under the category of cases represented in the Federal system by *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) and in our own state by *State v. Levesque*, Me., 281 A.2d 570 (1971), holding that pre-trial confrontations between witness and accused deny the accused due process if they are unnecessarily suggestive and conducive to mistaken identification. These cases, however, all involve situations in which agents

---

* The opinion in this case was written by Weatherbee, J., and adopted by the Court after his death.

of the State directly contributed to the encounter. The mere observation of the defendant by the victim is not necessarily a pre-trial "confrontation". *State v. Leavitt,* 133 Vt. 35, 329 A.2d 627 (1974); *Mabane v. State,* 7 Md.App. 620, 256 A.2d 701 (1969). Assuming that the conversation between the victim and the witness actually occurred, it is clear that it was not initiated or induced pursuant to any police design and so was not constitutionally defective "pre-trial confrontation" as that term is typically understood. We cannot therefore say that the victim's identification falls within that line of "identification" cases requiring us to reverse the conviction as a matter of law unless it could be shown that it came from some source independent of the alleged unconstitutional confrontation. *See State v. York,* Me., 324 A.2d 758 (1974).

While the alleged conversation between Mr. Coulon and the witness will not permit the defendant to invoke the protection of the due process clause, it is by no means irrelevant. We have said that the testimony of a robbery victim, if believed, is sufficient to warrant conviction. *State v. Trask,* Me., 223 A.2d 823 (1966). The determination of the credence to be given witnesses and the weight of their testimony is the special province of the jury. *State v. Trask,* supra; *State v. Brown,* 142 Me. 106, 48 A.2d 242 (1946). The present case presents a conflict between the testimony of the victim, who denied that the conversation occurred, and that of the two defense witnesses, who claim to have overheard the conversation. The resolution of this conflict involves the weight and credibility to be given to both sides of the controversy and is properly settled by the jury. Of course, the jury's decision requires resolution of an issue similar to that presented by a due process challenge, that is, whether the source of the victim's identification is his present memory of the event. The crucial difference is that rather than being conclusive, the testimony of the defense witnesses, if believed, is merely a factor for the jury to consider in its evaluation of the victim's in-court identification. *See State v. Leavitt,* supra. We find no reason to disturb the jury's determination in this matter.

In his second point on appeal, the defendant argues that the State failed to prove beyond a reasonable doubt that money was taken from the victim. Although mere opportunity or motive to steal are not sufficient to support a conviction for robbery (*State v. Levesque,* 146 Me. 351, 81 A.2d 665 (1951); *State v. Trask,* supra), the evidence here sustains the defendant's conviction even though the victim did not actually see the theft take place.

Mr. Coulon testified that when he left the kitchen to answer the door, he left between 15 and 20 dollars on the table. After being beaten by the defendant and his companions, he called the police who arrived within five to ten minutes. The officer testified that he found no money on the kitchen table or anywhere else in the house. The police removed the victim to the hospital and secured the house. When Mr. Coulon returned home eight days later he too as unable to find the money. Moreover, the State presented a witness who testified that the defendant told her that he had planned and executed the robbery. The officer's failure to discover any money on the premises so soon after the defendant and his accomplices fled the scene combined with testimony of the defendant's inculpatory statements would permit a reasonable jury to infer that the defendant and his companions had in fact taken the money. The evidence shows more than mere opportunity to commit the crime.

The entry will be:

Appeal denied.

DELAHANTY, J., did not sit.

All Justices concur.