**STATE of Maine**

v.

**Chester Maynard CARTER, Jr. and Paul Dennis Shiplett.**

Supreme Judicial Court of Maine.

Sept. 26, 1978.

McTeague, Higbee & Tierney by Ralph L. Tucker, Brunswick (orally), for defendant Carter.

Bernstein, Shur, Sawyer & Nelson by Peter J. Rubin, Portland (orally), for defendant Shiplett.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

Appellant Chester Carter was charged by indictment with robbery while armed with a dangerous weapon under 17–A M.R.S.A. § 651(1) and with aggravated assault under 17–A M.R.S.A. § 208.[1] Appellant Paul Shiplett was indicted only on the robbery charge. After a joint trial, both appellants were found guilty by a jury and convicted.

### I.

Appellants urge that the trial court erred in denying their motion to suppress evidence which was the product of the search of the car appellants were using and the arrest of appellants. The following facts concerning the arrest and search were before the court. Portland Police Officer Walton related facts brought to his attention a few minutes after 7:00 p. m. and about twenty-five minutes before sighting appellants:

> "We were broadcast from the Dispatcher's office that an armed robbery had taken place at Judy's Market on Brown Street in Westbrook. The subjects were described as two white males, one 5′8″– 5′10″, the other subject 6′, heavy built. The vehicle described was a blue Chevrolet around a 1970."

The robbery had taken place at about 6:45 in the evening. At 7:30 p. m. Officer Walton noticed a blue car with two occupants parked across the street from Eddie's Variety on Auburn Street in Portland. The car

---

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Richard Kelly, Asst. Dist. Atty., Portland, Stephen Moriarty, Law Student (orally), for plaintiff.

1. The indictment alleged that the crimes were committed on or about October 7, 1976. The applicable version of the Criminal Code was that found in the 1976 Supplement to title 17–A of the Revised Statutes.

was parked in a no-parking area though Eddie's has parking for twenty cars. As he drove by the car, Officer Walton noticed the occupants staring at him. Officer Walton stepped on his brake to find out their reaction, and they drove off toward the city.

Officer Walton turned his car around and followed the automobile. When it turned off into a gas station, he parked his cruiser in a driveway obliquely opposite the station to observe the appellants in their car. He noticed the passenger bend over in the front seat of the automobile as if to stuff something under the seat. He also saw that the driver wore glasses. He had received additional information over the police radio that one holdup suspect from the Westbrook incident wore glasses. He also learned that the robbery suspect had used a handgun. After the car resumed travel on Auburn Street, Officer Walton stopped it.

Appellant Carter was removed from the driver's seat, questioned but not frisked, and locked in the police cruiser. Appellant Shiplett was removed from the car, and the police officers searched under the passenger's seat and found a handgun. Appellants were arrested and the car was impounded. At police headquarters additional items, including two stockings, were removed from the car.

Before trial appellants moved to suppress the items taken from the car at the scene of the stop and at the police station. The motion was denied. On appeal appellants assert that the trial court erred in finding probable cause for the search. Appellants concede that if the search that produced the gun was lawful then the subsequent search of the car was lawful.

■ In reviewing a determination of probable cause, we will not set aside the trial court's finding unless it is clearly erroneous. *State v. Parkinson*, Me., 389 A.2d 1 (1978). Probable cause for the warrantless search of an automobile exists when facts are known that would entitle a reasonable and cautious person to believe that the search would disclose criminal conduct or items that would aid in identifying or es-

tablishing the commission of a crime. *State v. Walker*, Me., 341 A.2d 700, 703 (1975). A warrant is not required for search of an automobile on the road if there is probable cause to believe it is carrying contraband. *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

■ The trial court's finding of probable cause to search was not clearly erroneous. The testimony revealed similarity between appellants' vehicle and that involved in the Westbrook robbery less than an hour earlier. The officer testified concerning numerous suspicious activities by appellants including the apparent stuffing of something under the seat of the car. The trial court had the opportunity to observe Officer Walton as he testified and to assess his accuracy and his ability to observe those details. The trial court did not commit reversible error in denying the motion to suppress.

## II.

■ Appellants allege two errors in the trial court's instructions to the jury. Their challenge to the instruction on the meaning of "dangerous weapon" as used in the applicable version of 17–A M.R.S.A. § 651(1) (Supp.1976), has been resolved in the State's favor by *State v. Frye*, Me., 390 A.2d 520 (1978). They also assert that the court should have instructed the jury it had to find the stolen property belonged to Rita LaChance as alleged in the indictment. The testimony at trial indicated that although the property was taken from Rita LaChance she was merely an employee of Judy's Cash and Variety and not the owner of the cash in the register. However, 15 M.R.S.A. § 752 (1964) excuses this variance. See *State v. Kimball*, Me., 359 A.2d 305 (1976).

## III.

■ The other issue on appeal requiring discussion is appellants' challenge to the sufficiency of the evidence. Both appellants moved for a judgment of acquittal at the close of the State's case and after trial. All motions were denied and appellants now

assert that there was insufficient evidence to support a finding of guilt beyond a reasonable doubt.

At trial there was enough evidence to show that on October 7, 1976, Judy's Cash and Variety store was robbed by a man carrying a nickel-plated .32-caliber handgun, that the person who carried the gun assaulted a person in the store with it, and that the robber had an accomplice waiting outside in the car.

The difficulty in the evidence was in the testimony given to show that appellant Shiplett was the accomplice of Carter in the Westbrook robbery. The store clerk on duty described the robber as a man carrying a handgun and wearing glasses under a stocking mask. She described the robber as weighing about 130 pounds and five feet six inches tall. George Savage, a customer shopping in the store, described the robber as a small man, probably five feet three or four inches or so, wearing a brown stocking with a small hole in it over his head with glasses underneath. At trial he estimated appellant Carter's height without shoes at five feet three inches. He described the gun as a small nickel-plated handgun. Two sisters who were across the street at the time of the robbery saw the robber running from the store. One sister described the robber as five feet eight or nine inches tall, wearing a coat, with a beige stocking over his head. The other sister saw the stocking over a white man's head and a beige or brown jacket. The sisters observed the robber enter a car in which another person was sitting in the driver's seat. Neither sister could describe the driver with any detail except one said he had dark hair of the same length as her own. Both sisters described the car as squared off and one said it was bluish green in color.

Appellants were spotted about forty-five minutes later in a turquoise Chevrolet opposite a small grocery store. Appellant Shiplett was seen bending over as if to put something under the passenger seat, and a silver-plated, .32-caliber revolver wrapped in a handkerchief was found under the passenger seat. Appellant Carter was wearing glasses. A stocking mask with a rip in it was found under the front seat of the car. Sixty dollars in bills and a cigarette package containing a roll of ten one-dollar bills were found on the person of appellant Shiplett, and fifty dollars in bills were found in a wallet on the dashboard that contained personal papers with appellant Carter's name on them. A brown leather jacket was also found in the car. The testimony provided ample evidence to support the jury finding that appellant Carter was the robber. The jury had the opportunity to observe appellant Carter and conclude that he met the description given by the witnesses.

 There was virtually no testimony concerning the appearance of the accomplice. The only evidence linking appellant Shiplett to the crime was his presence forty-five minutes after the robbery as a passenger in a car which the robbery suspect was driving and which contained instrumentalities of the crime. He was seen to bend over as if putting something under the car seat where the gun was found. He and appellant Carter were parked across the street from another variety store when first seen by Officer Walton, and unidentified money was found on his person. That evidence, even with all reasonable inferences to be drawn therefrom, is not sufficient to support a finding beyond a reasonable doubt that he was the accomplice in the robbery. Appellant Shiplett's motion for judgment of acquittal should have been granted.

The entry is:

Appeal of appellant Carter denied.

Appeal of appellant Shiplett sustained.

Judgment of conviction of appellant Carter affirmed.

Judgment of conviction of appellant Shiplett reversed with direction to enter a judgment of acquittal.

DELAHANTY, J., did not sit.