Paul R. LAGARDE

v.

Elaine N. LAGARDE.

Supreme Judicial Court of Maine.

Argued Sept. 22, 1981.

Decided Dec. 9, 1981.

Bruce A. Whitney (orally), South Berwick, for plaintiff.

Shortill & Shortill, Thomas F. Shortill (orally), Sanford, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

VIOLETTE, Justice.

The defendant, Elaine Lagarde, appeals from a judgment of divorce granted in the Superior Court, York County. She argues six issues on appeal: (1) that the trial judge's grant of a divorce to both parties was incorrect as a matter of law; (2) that the evidence was insufficient to grant a divorce; (3) that the trial judge committed reversible error by excluding the defendant's testimony on the irreconcilable differences in the Lagarde marriage; (4) that the trial judge committed reversible error in preventing a certain line of cross-examination of plaintiff's accountant; (5) that the trial judge committed reversible error in allowing plaintiff's accountant to testify about real estate values; (6) that the trial judge's award of the marital property, lump sum settlement and child support was clearly erroneous. We affirm the judgment of the Superior Court.

The plaintiff, Paul Lagarde, by two motions to this Court seeks to correct two clerical errors in the divorce judgment rendered below. The first error is an incorrect mathematical calculation in the division of property and the second error is the use of the word 'defendant' when the word 'plaintiff' should have been used. With the defendant's concurrence we grant both motions.

The plaintiff and defendant were married on May 6, 1961. In February of 1980, the plaintiff, Paul Lagarde, filed a complaint for divorce on the ground of irreconcilable differences against Elaine Lagarde. The defendant counterclaimed for divorce on the same ground. The case was tried without a jury in the Superior Court and certain matters were stipulated to at the beginning of the hearing: the marital property consisted of one house with an equity value of $44,000.00, household furnishings valued at $5,000.00, 33⅓ shares of corporate stock in Spray Me, Inc.—a small business operated by Paul Lagarde; at the time of the divorce the Lagardes had one minor child; the income of the parties for the three years preceding the divorce. The annual income for the defendant was roughly $7,000.00 per year and $27,000.00 per year for the plaintiff.

A divorce decree was entered on February 24, 1981 granting a divorce to both parties. The judge below found that each spouse had contributed equally to the economic assets of the marriage. Based on this finding and a finding that the value of the shares in Spray Me, Inc. was $42,000.00, making the total marital assets $91,000.00, the trial judge awarded Mr. Lagarde the shares of stock and Mrs. Legarde the house and furnishings. The decree further provided for a lump sum settlement in lieu of

alimony to Mrs. Lagarde of $15,500.00—the judge found that she should receive $20,000.00 but that because the marital property division had been unequal to her advantage of $4,500.00, he reduced the lump sum by that amount (Mrs. Lagarde will actually receive $16,500.00 as per our order). Child support was ordered to be paid by Mr. Lagarde in the sum of $100.00 per week until the minor child reached 21 or was no longer dependent on the defendant for support.

## 1. GRANT OF DIVORCE TO BOTH PARTIES

The divorce order reads in part as follows: "On the Complaint and Counterclaim, divorce shall be granted to the Plaintiff and the Defendant for the cause of irreconcilable differences." The defendant challenges the divorce in this appeal, contending that it is null and void as a result of the award of the divorce to both parties. The Maine divorce statute neither expressly forbids nor provides for this type of divorce decree. See 19 M.R.S.A. § 691(1). We emphasize that irreconcilable differences is a "no-fault" ground for the award of a divorce. See Boyd v. Boyd, Me., 421 A.2d 1356, 1358 (1980). We hold that there is no bar, by reason of public policy or otherwise, to the trial judge granting a divorce to each spouse where each has alleged irreconcilable differences as a ground for divorce and where the evidence supports the existence of such ground.

## 2. SUFFICIENCY OF THE EVIDENCE

The presiding judge heard sufficient testimony during the hearing to find that the Lagarde marriage had broken down due to irreconcilable differences, as both parties had alleged in the complaint and counterclaim. Paul Lagarde testified that for eight years prior to bringing his action for divorce, no conversation or agreement was had on anything between him and his wife. He testified that he and his wife lived in separate rooms, that there were long periods of time when there was no communication whatsoever between him and his wife, that he felt that they "didn't have a marriage anymore," and that his efforts at reconciliation had failed. It is the responsibility of the trier of fact to determine the credibility of witnesses and the weight to be given their testimony. See State v. Flaherty, Me., 394 A.2d 1176, 1177 (1978); Bond v. Bond, 127 Me. 117, 129, 141 A. 833, 838 (1928). In addition to the testimony of Mr. Lagarde, the presiding judge was free to consider Mrs. Lagarde's answer to the complaint in which she admitted her husband's allegation "that there are irreconcilable differences and the marriage has broken down." From all of the above, the judge below could have found that the standard set forth in Mattson v. Mattson, Me., 376 A.2d 473, 476 (1977), that the "marital differences [had] cause[d] cohabitation to become intolerable" had been met and he could properly grant a divorce to both parties on the ground of irreconcilable differences.

## 3. EXCLUSION OF DEFENDANT'S TESTIMONY ON IRRECONCILABLE DIFFERENCES

When Mrs. Lagarde's attorney undertook to question her on the issue of irreconcilable differences, the trial judge excluded her testimony stating that he had heard "enough evidence already presented to justify the divorce." The judge's ruling was correct and within his discretion under Rule 403 of the Maine Rules of Evidence to avoid "needless presentation of cumulative evidence." See M.R.Evid. 403. Even had the trial judge committed error, we would consider it harmless. Mrs. Lagarde was granted a divorce as prayed for in her counterclaim and she was not denied the right to testify on other issues.[1]

## 4. RESTRICTION OF CROSS–EXAMINATION BY DEFENDANT'S COUNSEL

Counsel for the defendant argues on appeal that cross-examination of plaintiff's

---

1. Although we discern no error in this case in not hearing the defendant on the issue of grounds for divorce, the trial judge should be sensitive to the fact that being heard is an important ingredient of a party's perception of having been accorded a fair hearing.

accountant with the purpose of impeaching the accountant's credibility was improperly restricted by the trial judge. Although defendant's counsel gives no citation to the trial transcript, we assume his argument on appeal is based on the following line of questioning. Counsel for the defendant first asked the accountant how much Mr. Lagarde's corporation, Spray Me, Inc., paid the accountant on a yearly basis in accountant's fees. No objection was made and the accountant responded to the question. The next question asked was "And Mr. Gagne?" Objection was made and sustained on the grounds of irrelevancy. The cryptic question objected to can fairly be interpreted as asking how much Mr. Gagne, a principal stockholder in Spray Me, Inc., personally paid the accountant on a yearly basis. The answer to this question was relevant as it would have tended to establish bias on the part of the accountant in the same manner as the previous question. Since impeachment testimony in the same vein had already been elicited from the witness, we find that the proffered evidence, while relevant, was merely cumulative and properly excludable under Rule 403, M.R.Evid.

## 5. TESTIMONY OF ACCOUNTANT ON REAL ESTATE VALUES

■ The plaintiff's certified public accountant, in the course of testifying on the value of the stock of Spray Me, Inc., was allowed to testify over defendant's objection, on the value of the real estate owned by the corporation. The defendant properly contends that plaintiff's expert was qualified as a certified public accountant to testify to the value of the stocks held by Mr. Lagarde in Spray Me, Inc., but not as an appraiser of realty and the buildings thereon connected with the business. On appeal, it is clear that this error was harmless. Three different individuals testified on the issue of the value of the stock. In addition to the plaintiff's accountant, who was cross-examined by defendant's counsel, defendant offered the testimony of both a real estate appraiser and a certified public accountant. All three differed in their assessments of the worth of the stock, defend-

ant's two witnesses reaching substantially higher figures than plaintiff's accountant. Upon review of the entire testimony on this issue, we conclude that the accountant's testimony on the value of the real estate was not so prejudicial as to require our vacating this part of the judgment.

## 6. AWARD

■ The trial judge found that Mr. and Mrs. Lagarde had contributed equally to the marriage economically. From the pre-hearing stipulations it is clear that Mr. Lagarde was the principal wage earner in the family and that Mrs. Lagarde's salary was supplemental income. Additionally, Mr. Lagarde testified that Mrs. Lagarde had served for twenty years as a homemaker and had cosigned notes for her husband's business. Based on the above, the judge's findings of fact that each spouse had made an equal economic contribution to the marriage was not clearly erroneous and his division of the marital property was not an abuse of discretion.

■ In lieu of alimony, the judge awarded Mrs. Lagarde the specific sum of $15,-500.00 (now $16,500.00 as per our order). The Superior Court judge clearly acted within the express authority of 19 M.R.S.A. § 721 in ordering Mr. Lagarde to pay Mrs. Lagarde a specific sum. We determine his findings of fact were not clearly erroneous and the amount awarded not an abuse of discretion.

■ The defendant further argues on appeal that the child support provision of the divorce decree is unenforceable because it provides for support payments until the Lagarde's minor child reaches 21. 19 M.R.S.A. § 303 provides that support decrees are to remain in force only until the child reaches the age of majority, which is eighteen in the State of Maine. We find the judge's decree to be in error, and order the judgment amended to comply with the statutory age limitation.

■ Finally, the defendant contends that the failure of the judge to award her

attorney's fees was an abuse of discretion. An award of attorney's fees "is to be based on the parties' relative capacity to absorb the costs of litigation." *Smith v. Smith*, Me., 419 A.2d 1035, 1040 (1980). The presiding judge could have found from the evidence that the parties were of equal or near equal financial strength after the divorce and therefore did not abuse his discretion in requiring each to absorb their own attorney's fees.

The entry is:

Judgment modified as follows: on page 3, line 5, delete the sum of $4,500 and insert $3,500; on page 3, line 7, delete the sum of $15,500 and insert $16,500; on page 3, line 8, delete the word 'Defendant' and insert the word 'Plaintiff'; on page 4, lines 15 and 18, delete the sum of $15,500 and insert $16,500.

Judgment further amended as follows: on page 3, line 18, delete '21st birthday' and insert '18th birthday'.

As modified, the judgment is affirmed.

All concurring.